Keith A. MUELLER, Plaintiff,

v.

Richard WALKER, Chief of Police for the City of Portland, Mark Stevens, Thomas Trevarthon, Ed May, Stephen J. Smith, Rod Lucich, and Steven Larsen, Police Officers for the City of Portland, all defendants sued in their official and individual capacities, Defendants.

Civ. No. 88–661–FR.

United States District Court, D. Oregon.

Jan. 31, 1989.

Douglas R. Holbrook, McKeown & Brindle, P.C., Portland, Or., for plaintiff.

Mary T. Danford, Deputy City Atty., Portland, Or., for defendants.

FRYE, District Judge:

The matter before the court is the motion of plaintiff, Keith A. Mueller, to compel discovery (# 40) from defendants, Richard Walker, Chief of Police for the City of Portland, and Portland Police Officers Mark Stevens, Thomas Trevarthon, Ed May, Stephen J. Smith, Rod Lucich, and Steven Larsen. The documents at issue are: 1) internal investigation files of the Internal Investigations Division of the Portland Police Bureau, 2) personnel files maintained by the City of Portland or the Portland Police Bureau for defendants, and 3) psychological evaluations of defendants maintained by the Portland Police Bureau.

## FACTS

Mueller brings this action pursuant to 42 U.S.C. § 1983. He alleges that Walker, Stevens, Trevarthon, May, Smith, Lucich and Larsen, acting under color of state law, violated his constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution. Mueller alleges that on or about June 20, 1986, at approximately 1:00 a.m., Officer Stevens stopped Mueller in his car for failure to use a turn signal; Stevens then learned of a bench warrant for Mueller's arrest; Ste-

vens attempted to take Mueller to the police station; Mueller refused, contending that he needed to obtain food and medicine for his sick child; Stevens grabbed the steering wheel of the moving car and hit Mueller several times in the face with a flashlight; Stevens radioed the Portland Police Department, and May, Trevarthon, Smith, Lucich and Larsen arrived at the scene; these officers followed Mueller's car until he reached a stop, where they then proceeded to exercise excessive force to arrest him; one of the officers struck him in the chest, dislocating his collarbone; all of the officers repeatedly struck him with nightsticks and flashlights. Mueller further alleges that the Internal Investigation Division of the Portland Police Bureau investigated the incident and determined that the police officers had used excessive force in making the arrest.

Mueller has not named the City of Portland as a party. Mueller is, however, suing Richard Walker in his official capacity as Chief of Police of the City of Portland, contending that Walker's acts represent the official policy of the City of Portland. Walker argues that Mueller's claim against him is not viable because he was not Chief of Police at the time of the incident.

Defendants object to Mueller's requests for documents to the extent that they seek documents from the internal investigation files and personnel files of the Portland Police Bureau on the basis of governmental, work product, and attorney-client privileges. Defendants' response to Mueller's motion to compel indicates that the parties have conferred and no issue remains as to the work product or the attorney-client privileges. Mueller has not contradicted this assertion. The only remaining issue is whether the requested documents violate a governmental privilege.

## APPLICABLE STANDARD

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.... It is not ground for objection that the information sought will be inadmissible at the trial if the informa-

tion sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The burden is on the party objecting to discovery to show that discovery should not be allowed. 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2214, at 644 (1970).

## CONTENTIONS OF THE PARTIES

Mueller contends that the internal investigation files and the personnel records are not protected by governmental privilege because disclosure will not harm the public interest. Mueller further argues that disclosure of the internal investigation files will not chill citizen contributions of information. He contends that there are no citizen reports involved in the present action. Mueller also suggests that this court could avoid any chilling effect by ordering him not to reveal the contents of the files to the public. Mueller argues that the internal investigation files are relevant to his case because such files allegedly conclude that the defendant officers acted improperly. Finally, Mueller argues that the internal investigation files should be disclosed because they contain information which is not discoverable through any other source.

Mueller asserts that the personnel files may contain records of prior incidents of the use of excessive force by the defendant officers, and that these files are therefore relevant to support his allegations of improper supervision and training.

Defendants respond that the personnel records and the internal investigation files are protected by governmental privilege. Defendants also assert that the only internal investigation file relating to Mueller's arrest pertains to a complaint filed against defendant Stevens. Defendants argue that disclosure of the personnel records and the internal investigation file sought by Mueller would undermine the confidentiality of the information disclosed. Defendants argue that the psychological evaluations are protected by governmental privilege and O.R.S. 192.500. Defendants further argue that Mueller will have the opportunity to discovery the information contained in the requested documents at trial. Defendants concede, however, that it is appropriate for

the court to make an *in camera* inspection of the requested documents to determine whether they are protected by governmental privilege.

## DISCUSSION

Mueller's document request contains twelve separate requests. The court will address those requests not resolved by the parties.

### A. *Request No. 2*

■ Request No. 2 seeks "[a]ll documents which relate, in narrative form by law enforcement officers, or witnesses, what occurred during the incident, all chronologies prepared by said law enforcement officers."

Defendants contend that Mueller's request for documents regarding the internal investigation of the incident should be denied on the grounds of governmental privilege. Both parties rely on *Frankenhauser v. Rizzo*, 59 F.R.D. 339 (E.D.Pa.1973).

*Frankenhauser* is a civil rights case in which plaintiffs sued to recover damages for the death of their husband and father, Paul Frankenhauser, who was shot and killed by police in a dyeworks in the Kensington section of Philadelphia. The Frankenhausers moved to compel discovery of witnesses' statements to police and the reports of the police investigations made in the aftermath of the incident. The court allowed discovery of materials from the police investigation, stating that when executive, or governmental, privilege is asserted, "the court must balance the public interest in the confidentiality of governmental information against the needs of a litigant to obtain data, not otherwise available to him." 59 F.R.D. at 344. The *Frankenhauser* court set forth a ten-point list of factors to be considered in this balancing test "[i]n the context of discovery of police investigation files in a civil rights case." *Id.* These factors are:

(1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given informa-

tion of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.

*Id.* at 344; *see also Friedman v. Bache Halsey Stuart Shields, Inc.,* 738 F.2d 1336 (D.C.Cir.1984) (*Frankenhauser* criteria used to compel discovery of law enforcement investigatory files of the Commodity Futures Trading Commission and the Securities and Exchange Commission).

Applying the *Frankenhauser* balancing test to the present case, this court is unaware of any citizen reports or unidentified informants regarding Mueller's arrest. Thus, *Frankenhauser* factors (1) and (2) do not seem relevant to Mueller's present motion to compel. Criterion (3), the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure, weighs strongly in favor of the defendants. This court may, however, avoid potential "chilling" in this case by issuing a protective order limiting the use of distribution of the documents.

Applying factor (4), the internal investigation files contain both factual data and evaluative summaries. The United States District Court for the District of Nevada distinguished between factual data and evaluative summaries in *Sequra v. Reno,* 116 F.R.D. 42 (D.Nev.1987). The court found that defendants in a civil rights action against the police department and officers were not required to produce portions of the police department's internal affairs report containing evaluative summaries,

disciplinary recommendations and intra-departmental memoranda regarding discipline. This court finds that such documents are protected by governmental privilege.

Whether Mueller is an actual or potential defendant in any criminal proceeding following from the incident is unknown to the court. This court does not know whether the investigation of the incident by the police is complete. This court does not know whether any intra-departmental disciplinary proceedings have arisen from the investigation. Therefore, the court makes no finding regarding the relevance of factors (5), (6) or (7) to Mueller's discovery request.

Mueller's amended complaint contains allegations which are apparently brought in good faith. Mueller's need for the internal investigation file as it pertains to this incident is strong. Mueller contends that he cannot obtain the factual information in the internal investigation file from any other source. Factual information in the file regarding the incident would be potentially important to Mueller's case. Thus, factors (8) through (10) of the *Frankenhauser* test favor Mueller's discovery of factual information in the internal investigation file.

Mueller is entitled to discovery regarding "any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). To the extent that the file contains the factual statements of the defendants as witnesses to what occurred during Mueller's arrest, or other factual material, Mueller is entitled to discovery of the internal investigation file. Defendants need not produce evaluative or summary portions of the internal investigation file.

### B. *Request No. 3*

Request No. 3 seeks "[a]ll documents relating the statements and conclusions of any internal investigation or report done by [the defendant officers'] law enforcement agency respecting how the relevant law enforcement officers carried out their duties during this incident."

Under criterion (4) of the *Frankenhauser* test, Mueller may not discover evaluative summaries or recommendations in internal investigation files. 59 F.R.D. at 345. In *Segura, supra,* the court denied discovery of internal investigation reports containing any evaluative summaries, disciplinary recommendations or intra-departmental memoranda regarding discipline. Mueller is not entitled to evaluative summaries or conclusions in the files.

### C. *Request No. 6*

■ Request No. 6 seeks "[a]ll documents evidencing statements made by any witnesses to this incident."

Under the *Frankenhauser* analysis, Mueller is entitled to statements made by witnesses to the incident. As discussed regarding Request No. 2 above, witness statements may not be available through any other source. Mueller may require statements of witnesses taken after the incident for use in fact-finding or for impeachment purposes. Mueller is therefore entitled to discovery of files or those portions of files containing such statements.

### D. *Request No. 7*

■ Request No. 7 seeks "[t]he complete personnel files maintained by the City of Portland or the City of Portland Police Bureau respecting [defendants]."

Under Fed.R.Civ.P. 26(b)(1), Mueller may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. Mueller asserts that the personnel files are relevant to his claim that the defendants were improperly trained and improperly supervised. Mueller seeks records of prior incidents of excessive force by the defendant officers to support his allegations of improper supervision and training.

*Segura, supra,* is distinguishable from the present action. In *Segura,* the court stated that personnel files were not discoverable because the plaintiff did not allege that the Chief of Police was liable for failing to supervise the defendant officers personally. 116 F.R.D. at 44. In the present action, Mueller alleges that Walker is liable in his personal and in his supervi-

sory capacity as Chief of Police. Evidence in the personnel files as to prior incidents of violence could be relevant to show that the City of Portland improperly trained or supervised defendant officers despite knowledge of the officers' past involvements with excessive force.

Mueller may discover documents in the defendant officers' personnel files relating to alleged incidents of violence or excessive force involving the defendant officers. However, Mueller has not shown a need for other portions of the personnel files that outweighs the privacy interests of the defendant officers and the governmental interest in the confidentiality of such records.

### E. *Request No. 8*

Request No. 8 seeks "[a]ll documents relating to any administrative complaints against [defendant officers] including, but not limited to, violations of personnel regulations [and] internal procedures."

### 1. Internal Investigation Files.

■ Documents relating to administrative complaints against defendant officers regarding the incident in this case or regarding past incidents of violence by the defendant officers are discoverable under the *Frankenhauser* test for the reasons stated in the discussion of Request Nos. 2 and 7 above. However, discovery is not granted as to violations of regulations or procedures unrelated to incidents of violence or complaints of police brutality.

### 2. Personnel Files.

For the reasons stated in Request No. 7 above, Mueller may discover information in the defendant officers' personnel files as to prior incidents of violence involving the defendant officers. Mueller may also discover any factual information in the personnel files regarding the incident at issue.

### F. *Request No. 9*

Request No. 9 seeks "[a]ll documents regarding the use of force by [the defendant officers] from the date of [their] appointment to the present. This request includes, but is not limited to, citizen com-

plaints filed with the agency's Internal Investigations Division, and/or any departmental reports of the use of mace, firearm, police baton or other police implement capable of being used to inflict injury upon an individual."

Under the reasoning applied in Request No. 2 above, Mueller may discover any portion of the internal investigation file on Stevens which contains factual information as to the incident at issue. Mueller may also discover information as to prior incidents of violence by defendant officers in the internal investigation files and the personnel files, as discussed in Request No. 7 above.

### G. *Request No. 10*

Request No. 10 seeks "[a]ll performance evaluations and any other similar documents concerning [the defendant officers] from the date of appointment to the Portland Police Bureau."

Under criterion (4) of the *Frankenhauser* test, Mueller may not discover evaluative summaries or recommendations in internal investigation files. 59 F.R.D. at 345. This same criterion applies to evaluative summaries or recommendations in the personnel files. Mueller's discovery of the defendant officers' personnel files is limited to past incidents of violence and to factual information regarding his arrest.

### H. *Request No. 12*

Request No. 12 seeks "[a]ll documents which concern or relate to any psychological or psychiatric referral, evaluation or treatment of [the defendant officers]. This includes, but is not limited to, any documents maintained by the Portland Police Bureau."

Mueller may discover any nonprivileged information relevant to the subject matter involved in the pending action. Fed.R. Civ.P. 26(b)(1). Defendants contend that O.R.S. 192.501 and O.R.S. 192.502 make this information privileged. Under O.R.S. 192.501(4), "[t]est questions, scoring keys, and other data used to administer a licensing examination, employment, academic or other examination or testing procedure before the examination is given and if the examination is to be used again" are exempt from public disclosure, "unless the public interest ... requires disclosure in the particular instance." O.R.S. 192.502(2). O.R.S. 192.501(4) does not prevent Mueller from discovering relevant psychological testing results pertaining to the incident at issue or relating to prior violent episodes. Further, Mueller may discover information from prior psychological tests under the *Frankenhauser* balancing test discussed under Request No. 2 above.

This court will enter a protective order against disclosure of such information. As a condition to the discovery granted above, Mueller must submit to the court a protective order deeming any material produced from personnel files and internal investigation files to be confidential.

### CONCLUSION

Mueller's motion to compel production (# 40) of internal investigation files and personnel files is granted in part and denied in part. Defendants shall produce documents containing factual information as to the incident in this case. Defendants shall also produce documents regarding past incidents of violent behavior by the defendant officers. Mueller may not, however, compel production of documents concerning evaluative summaries or conclusions. In addition, defendants must produce psychological or psychiatric referral, evaluation or treatment of defendant officers regarding past incidents of violence or the incident in this case.

The court finds that information in the personnel files or internal investigation files may be of a sensitive or confidential nature. Therefore, counsel is directed to submit an appropriate protective order to the court for signature. The court finds that *in camera* review of documents is not required at this time.